UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JILL BORSUK,

        Plaintiff,

v.                                        ACTION NO. 4:24cv108

RON KLAIN, *doing business as*
THE WHITE HOUSE, *et al.*,

        Defendants.

## DISMISSAL ORDER

Plaintiff Jill Borsuk ("Plaintiff"), appearing *pro se*, submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF Nos. 1-1 through 1-5. Thereafter, Plaintiff filed several dozen other proposed filings. *See* ECF Nos. 1-9 through 1-112. Based on the financial information submitted by Plaintiff, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application is **GRANTED**, and the Clerk is **DIRECTED** to file Plaintiff's proposed filings.

### I.     Plaintiff's Motion for Recusal

Plaintiff's myriad of filings includes a Motion for Recusal. Mot. Recusal, ECF No. 1-99. In this motion, Plaintiff asks the Court to recuse the undersigned from this

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

action pursuant to 28 U.S.C. §§ 455 and 144. *Id.* at 3. To support her request, Plaintiff claims that the undersigned has delayed the processing of this case because the named Defendants have ties to the Democratic Party. *Id.* Plaintiff is concerned that the undersigned "may be sympathetic to the Defendants" and may be unable to conduct "a fair and impartial proceeding." *Id.* at 3–4.

Pursuant to 28 U.S.C. § 455(a),[2] a judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) identifies several specific scenarios that mandate recusal, including:

(1) Where he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he [or she] served as lawyer in the matter in controversy, or a lawyer with whom he [or she] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he [or she] has served in governmental employment and in such capacity participated as counsel, adviser or material witness

---

[2] As noted above, Plaintiff's Motion for Recusal also refers to 28 U.S.C. § 144; however, § 144 requires the filing of a "sufficient affidavit" of "personal bias or prejudice" by the judge against a party, as well as a "certificate . . . stating that [the affidavit] is made in good faith." 28 U.S.C. § 144. Plaintiff attached an affidavit to her motion, but did not include the required certificate. *See Jones v. United States*, No.2:05cv164, 2005 WL 2086196, at *2 (E.D. Va. Aug. 29, 2005) (explaining that § 144's procedural requirements "are strictly scrutinized for form, as well as for sufficiency"). Accordingly, the Court will consider Plaintiff's recusal request pursuant to 28 U.S.C. § 455(a). The Court notes, however, that "[t]he level of bias necessary to require disqualification under §§ 144 and 455(a) and (b)(1) is generally considered to be the same." *Id.* Thus, a review of Plaintiff's motion under § 455, as opposed to § 144, "has little effect on the analysis." *Id.*

concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He [or she] knows that he [or she], individually or as a fiduciary, or his [or her] spouse or minor child residing in his [or her] household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He [or she] or his [or her] spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) Is acting as a lawyer in the proceeding;
(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b).

Upon review, the Court finds that Plaintiff has not adequately shown that any of the specific scenarios set forth in § 455(b) apply to the case at hand, and there is nothing in the record to indicate that the undersigned's impartiality may reasonably be questioned in this matter. Accordingly, Plaintiff's Motion for Recusal is **DENIED**.

## II. Plaintiff's E-Noticing Request

Plaintiff filed an E-Noticing Registration Request for *Pro Se* Litigants ("E-Noticing Request"), in which she asks the Court to allow her to receive notice of filings via the Court's electronic filing system. E-Noticing Req., ECF No. 1-10. Plaintiff's E-Noticing Request complies with the Court's registration requirements. Accordingly, Plaintiff's E-Noticing Request is **GRANTED**, and the Clerk is **DIRECTED** to add Plaintiff's e-mail address to the docket of this matter.

### III. Plaintiff's Motion for Leave to File a Second Amended Complaint

While Plaintiff's IFP Application was pending, Plaintiff filed multiple proposed complaints. On May 14, 2025, Plaintiff filed a Motion for Leave to File a Second Amended Complaint and attached thereto a proposed Second Amended Complaint. Mot. Leave File Second Am. Compl., ECF No. 1-102; Second Am. Compl., ECF Nos. 1-103, 1-105, 1-106.

The Court finds it appropriate to authorize the filing of Plaintiff's Second Amended Complaint. Accordingly, Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED**, and Plaintiff's Second Amended Complaint will serve as the operative complaint in this action.[3]

### IV. Plaintiff's Second Amended Complaint

Plaintiff's Second Amended Complaint asserts claims against twenty-five (25) named Defendants, which include: Plaintiff's sisters, Plaintiff's brothers-in-law, a former Chief of Staff for the White House, the United States of America, a former United States Attorney General, a former Director of the Federal Bureau of Investigation, a former Assistant Attorney General for the National Security Division, a former Administrator of the U.S. Drug Enforcement Administration, Comcast Corporation, NBC Universal Media LLC, NBC News Group, MSNBC, SpinCo Corporation Service Company, and several hosts and guest commentators on

---

[3] Plaintiff filed several motions in which she sought to change the case caption of the Amended Complaint that she previously submitted to the Court. *See* ECF Nos. 1-69, 1-71, 1-77, 1-82, 1-84, 1-92, 1-94. Because the Court has authorized the filing of Plaintiff's Second Amended Complaint, these motions are **DENIED as moot**.

certain cable news shows, including Chuck Todd, Joe Scarborough, Mika Brzezinksi, Willie Geist, Rachel Maddow, Chris Matthews, Claire McCaskill, and William Kristol. Second Am. Compl. at 1–58.

Plaintiff alleges that after her mother died in December of 2019, the Defendants referenced above conspired "to try to get control of the Plaintiff's inheritance." *Id.* at 20. As part of this conspiracy, Plaintiff alleges, among other things, that:

- A former Chief of Staff for the White House subjected Plaintiff to foreign intelligence surveillance although Plaintiff has no "ties to a foreign power, agent of a foreign power, terrorism, or espionage";

- FBI agents "put[] misleading paint on concrete steps they knew the Plaintiff would be walking on so she would misstep and crack her skull against the concrete";

- The FBI tried to run Plaintiff off the highway with a semi-truck and "tried to squish the Plaintiff's car between two semi-trucks";

- FBI agents "spread rumors about the Plaintiff and her family";

- FBI agents entered Plaintiff's home while she was sleeping and broke her glasses;

- FBI agents left "massacred" stuffed animals "on the side of a road they knew the Plaintiff would travel on" to signify that they would "hurt" Plaintiff "if she did not back down from her lawsuits and turn over control of her money, condominium, and social security checks to her sisters";

- The government conditioned Plaintiff "to associate flowers with her sister, . . . who lives in Florida, the flower state," so that Plaintiff "would think of her sister . . . and feel angry and hurt" whenever she saw flowers;

- While Plaintiff attempted to purchase a puppy named "Drew" from a breeder, "Congresswoman Nancy Pelosi went on MSNBC in the evening and referred to the name Drew on the air," "acting

5

- as if she were happy for the Plaintiff," but knowing that Plaintiff would soon find out that the breeder was running "a scam operation";

- The hosts of several cable news shows and related media companies were listening to Plaintiff and her family via a laptop computer, a smart TV, and cell phones, and would mock and gaslight Plaintiff on a regular basis;

- The hosts of several cable news shows "used the Plaintiff's words, opinions, and ideas without consent";

- MSNBC aired a commercial for Liberty Mutual Company, in which a person used the term, "Everything hurts," which are the "exact words" that Plaintiff's husband said "one morning after he played golf"; and

- "Plaintiff began receiving an unusual number of phone calls from numbers she was not familiar with" and the phone calls "doubled in number" in February of 2020 "after the Biden administration was up and running."

*Id.* at 1–58. Plaintiff claims that Defendants' conduct violated her constitutional rights, invaded her privacy, defamed her, interfered with her prospective economic advantage and property rights, and subjected her to emotional distress.[4] *Id.*

---

[4] Plaintiff previously filed similar lawsuits in the United States District Court for the Western District of Wisconsin. *See* Am. Compl., *Borsuk v. Klain*, No. 23cv799 (W.D. Wis. Oct. 27, 2023), ECF No. 5 (alleging that Plaintiff's sisters, brothers-in-law, Chuck Todd, Nancy Pelosi, and others listened to Plaintiff's family via cell phones, stole Plaintiff's words and ideas for MSNBC shows, and conspired to acquire Plaintiff's small inheritance from her mother); Compl., *Borsuk v. Todd*, No. 23cv858 (W.D. Wis. Dec. 12, 2023), ECF No. 1 (alleging that several MSNBC hosts listened to Plaintiff's family through cell phones, stole Plaintiff's words and ideas, and harassed Plaintiff in retaliation for filing a complaint with the Department of Justice). Both cases were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) after the Court determined that the factual allegations were "frivolous and fail[ed] to state a claim upon which relief may be granted." *Borsuk v. Klain*, No. 23cv799, 2023 U.S. Dist. LEXIS 220982, at *1–7 (W.D. Wis. Dec. 11, 2023); *Borsuk v. Todd*, No. 23cv858, 2024 U.S. Dist. LEXIS 8895, at *1–3 (W.D. Wis. Jan. 17, 2024).

### V. <u>28 U.S.C. § 1915(e)(2)</u>

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to dismiss the operative complaint at any time if the Court determines that the complaint is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A claim is legally frivolous if it is based on an "indisputably meritless legal theory," or if a plaintiff would not be entitled to relief under any arguable construction of law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Boyce v. Alizaduh*, 595 F.2d 948, 952 (4th Cir. 1979). A complaint is considered factually frivolous if it contains "clearly baseless" allegations, which means allegations that are "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 327–28. In determining whether a complaint states a claim upon which relief may be granted, the Court must analyze whether the complaint sets forth "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). Under § 1915, the Court is "not bound . . . to accept without question the truth of plaintiff's allegations" simply because they "cannot be rebutted by judicially noticeable facts." *Denton*, 504 U.S. at 32.

After a thorough review of Plaintiff's Second Amended Complaint, the Court finds that the allegations asserted therein are frivolous and fail to state a plausible claim for relief against Defendants. The Court further finds that it would be futile to authorize the filing of any further amendments. Accordingly, this case is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Because the Court is dismissing this case in its entirety, the relief requested in all of Plaintiff's other pending motions has been rendered moot. Accordingly, all other pending motions are **DENIED as moot**.

### VI. Conclusion

For the reasons set forth above, Plaintiff's IFP Application is **GRANTED**; the Clerk is **DIRECTED** to file Plaintiff's proposed filings; Plaintiff's Motion for Recusal is **DENIED**; Plaintiff's E-Noticing Request is **GRANTED**; the Clerk is **DIRECTED** to add Plaintiff's e-mail address to the docket of this matter; Plaintiff's Motion for Leave to File a Second Amended Complaint is **GRANTED**; this action is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and all other pending motions are **DENIED as moot**.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607. The written notice must be received by the Clerk within sixty days of the date of entry of this Dismissal Order.

In addition to the instructions set forth above, the Clerk is **DIRECTED** to please docket this Dismissal Order in the Court's electronic filing system and send a copy of this Dismissal Order to Plaintiff Jill Borsuk.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Newport News, Virginia
May 22, 2025