UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JILL BORSUK,

        Plaintiff,

v.                                                                                                    ACTION NO. 4:24cv108

RON KLAIN, *doing business as*
THE WHITE HOUSE, *et al.*,

        Defendants.

## **FINAL ORDER**

Plaintiff Jill Borsuk ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application") and several dozen other proposed filings. Upon review, the Court was satisfied that Plaintiff qualified for *in forma pauperis* status. Thus, the Court granted Plaintiff's IFP Application and directed the Clerk to file Plaintiff's proposed filings. Dismissal Order at 1, ECF No. 2.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated to dismiss the operative complaint at any time if the Court determines that the complaint is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A claim is legally frivolous if it is based on an "indisputably meritless legal theory," or if a plaintiff would not be entitled to relief under any arguable construction of law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Boyce v. Alizaduh*, 595 F.2d 948, 952 (4th Cir. 1979). A complaint is considered

factually frivolous if it contains "clearly baseless" allegations, which means allegations that are "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 327–28. In determining whether a complaint states a claim upon which relief may be granted, the Court must analyze whether the complaint sets forth "enough facts to state a claim to relief that is *plausible* on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). Under § 1915, the Court is "not bound . . . to accept without question the truth of plaintiff's allegations" simply because they "cannot be rebutted by judicially noticeable facts." *Denton*, 504 U.S. at 32.

As required by statute, the Court reviewed the operative complaint in this action, i.e. Plaintiff's Second Amended Complaint, and ultimately determined that the allegations asserted therein were frivolous and failed to state a plausible claim for relief against any of the named Defendants in this action. *See* Second Am. Compl. at 1–58 (alleging that Defendants, which included Plaintiff's sisters, Plaintiff's brothers-in-law, the United States of America, a former Chief of Staff for the White House, a former United States Attorney General, a former director of the FBI, a former Assistant Attorney General for the National Security Division, a former Administrator of the U.S. Drug Enforcement Administration, several media companies, and several hosts and guest commentators on certain cable news shows, conspired with one another in various ways to gain control of Plaintiff's inheritance); *see also* Dismissal Order at 4–7. Accordingly, in a Dismissal Order entered on May 22, 2025, the Court dismissed this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Dismissal Order at 4–7.

After the Court dismissed this action, Plaintiff filed additional documents in this closed case, including a second IFP Application ("Second IFP Application"), a corrected second IFP Application ("Corrected Second IFP Application"), a "Motion for Leave to File Notice of Supplemental Authority in Support of Second Amended Complaint" ("Motion to File Supplemental Authority"), and other related documents. Second IFP Appl., ECF No. 41; Corrected Second IFP Appl., ECF No. 41-7; Mot. File Suppl. Auth., ECF No. 41-1. In her Motion to File Supplemental Authority, Plaintiff asks the Court to review and consider a letter ("Letter") sent to Plaintiff by the U.S. Department of Justice regarding a Freedom of Information Act request submitted by Plaintiff. Mot. File Suppl. Auth. at 1–6; Letter, ECF No. 41-3. Plaintiff claims that the Letter is relevant to Plaintiff's Second Amended Complaint because it shows that certain records were improperly withheld from Plaintiff. Mot. File Suppl. Auth. at 4.

As noted above, the Court previously granted Plaintiff *in forma pauperis* status. *See* Dismissal Order at 1. Thus, Plaintiff's Second IFP Application and Corrected Second IFP Application are hereby **DENIED** as unnecessary. Additionally, the Court finds no basis to authorize the filing of any supplemental authority in this closed case. Accordingly, Plaintiff's Motion to File Supplemental Authority is **DENIED**.[1]

---

[1] The Court notes that even if it were to authorize the filing of Plaintiff's supplemental authority, such supplemental authority would not alter the Court's previous findings that Plaintiff's Second Amended Complaint was frivolous, failed to state any plausible claims for relief against Defendants, and was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Plaintiff is ADVISED that this is a closed case. Any further filings in this closed case by Plaintiff, other than a notice of appeal or other filing specifically authorized by the Federal Rules of Civil Procedure to be filed in a closed case, shall be docketed as a submission only, without any further Order of the Court.

The Clerk is **DIRECTED** to please docket this Final Order in the Court's electronic filing system.[2]

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Newport News, Virginia
May 30, 2025

---

[2] The Court previously granted Plaintiff's request to receive notice of Court filings via the Court's electronic filing system. Dismissal Order at 3, ECF No. 2.

4